IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS TUCKER | : | CIVIL ACTION |
| | : | NO. 09-05881 |
| v. | : | |
| | : | |
| BERNZOMATIC, et al. | : | |

O'NEILL, J.                                                                                                   MAY 4, 2010

## MEMORANDUM

Presently before me are defendants' motion to dismiss plaintiff's claim for punitive damages, plaintiff's response and defendants' reply. For the following reasons, I will grant defendants' motion.

## BACKGROUND

The complaint alleges that on July 6, 2007, plaintiff Thomas Tucker was operating a Bernzomatic Mapp Gas Dispenser Torch to fix a broken pipe. The torch exploded, causing severe burns to plaintiff's face.

On November 16, 2009, plaintiff filed suit against defendants Bernzomatic, Worthington Industries, Inc. and Chilton Products in the Philadelphia Court of Common Pleas. His three count complaint alleged that defendants were liable for his injuries.[1] On December 10, 2009, defendants removed the case to this Court and on December 17, 2009 filed this motion to dismiss plaintiff's punitive damages claim. The parties stipulated that plaintiff would have until January 15, 2010 to respond to the motion. On January 21, 2010, plaintiff filed an untimely response.[2]

---

[1] Plaintiff's complaint contains claims of: (1) Negligence; (2) Strict Liability; (3) Breach of Warranties.

[2] Although defendants acknowledge that plaintiff's response was untimely, they have not moved to strike the untimely response. Accordingly, any objection to the timeliness of the response has been waived.

Defendants replied on February 2, 2010. The motion is fully briefed and presently ripe for disposition.[3]

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and

---

[3] On April 1, 2010, the case was reassigned to me from the docket of a colleague.

2

Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Iqbal, 129 S. Ct. at 1950). The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

Defendants argue that the allegations in plaintiff's complaint cannot support a claim for punitive damages and, therefore, such demand should be dismissed. Plaintiff argues in response that defendants' conduct, as alleged in the complaint, was sufficiently outrageous to warrant punitive damages. This disagreement raises two issues: first, whether defendants' conduct was outrageous; and second, whether, under Twombley and Iqbal, plaintiff has alleged sufficient facts in his complaint to show that his claim of outrageous conduct is facially plausible.

I.  Defendant's Alleged Conduct Was Outrageous

Pennsylvania law provides that "punitive damages are an 'extreme remedy' available only in the most exceptional circumstances." See Doe v. Wyoming Valley Health Care Sys., Inc., 987 A.2d 758, 768 (Pa. Super. Ct. 2009) (citing Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005)). An award of punitive damages is justified only where the plaintiff has established that

the defendant acted "in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." See Phillips, 883 A.2d at 445-46. "A defendant acts recklessly when his conduct creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent." See id.

Plaintiff argues in its brief not only that the torch was unsafe but also that defendants knew that it was unsafe and sold it nonetheless. Manufacturing and selling a product despite knowing that it is unsafe is clearly the type of conduct that would support a demand for punitive damages. The question, then, is whether the complaint contains sufficient well pleaded allegations of defendants' knowledge to defeat the motion to dismiss.

II.     The Allegations in Plaintiff's Complaint Are Insufficient To Support Punitive Damages

In support of his argument that defendants knew that the torch was unsafe, plaintiff, in his brief, relies primarily on the affidavit of Andrew W. Shalaby, a plaintiff in another lawsuit arising out of a Berzomatic torch malfunction.[4] It is axiomatic, however, "that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Commw. of Pennsylvania v. Pepsico, Inc., 836 F.3d 173, 181 (3d Cir. 1988). To the extent plaintiff asserts

---

[4] The Shalaby affidavit contains a discussion of other lawsuits, filed prior to this one, that arise out of Bernzomatic torch malfunctions. Plaintiff argues that the prior lawsuits were sufficient to make defendants aware that their product was dangerous. Defendants disagree, arguing that a prior lawsuit shows only that another individual thought the product was unsafe. I need not address that issue presently because, as discussed infra, the complaint contains no allegations referring to the prior lawsuits. I note, however, that whether defendants obtained knowledge of the alleged defect in the torch through prior lawsuits likely depends in part on the factual bases of those lawsuits and their corresponding dispositions, if any. Such questions will presumably be examined during discovery and defendants may, if necessary, renew their argument in light of information obtained therein.

4

that defendants knew the torch was unsafe, such assertions must be contained in the complaint itself.

Paragraph 19 of the complaint contains the only allegation relating to defendants' knowledge that the torch was unsafe. There, plaintiff asserts "[d]efendants knew that their product was unsafe and that its unsafe condition could and would result in serious injury." Defendants argue that paragraph 19 is merely a conclusory allegation that, pursuant to Twombly and Iqbal, need not be credited. Neither party cites any case in support of its position. That omission, however, is understandable in light of the dearth of case law discussing what a plaintiff must allege with respect to the defendant's knowledge in order to survive a motion to dismiss. Nevertheless, my review of the case law reveals several cases that are instructive on the present question.

I begin with the Iqbal Court's instruction that Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." See Iqbal, 129 S. Ct at 1949 (internal citations omitted). A complaint that "tenders a naked assertion devoid of further factual enhancement," then, must be dismissed. See id. (internal citations omitted). The Court of Appeals has interpreted Iqbal and Twombly to require a complaint to contain "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element. See Phillips, 515 F.3d at 234. Relevant to the issue here, the Twombley standard has been applied in consumer fraud cases, which often require the plaintiff to prove that the defendant had
5

knowledge of a defective product.[5]

The District Court for the District of New Jersey, in Maniscalco v. Brother Int'l Corp., 627 F. Supp. 2d 494, 500 (D.N.J. 2009), considered a motion to dismiss a New Jersey Consumer Fraud Act claim. The plaintiff alleged that the defendant, a manufacturer of multi-function printers, defrauded its customers by marketing a product it knew to be defective. See id. at 497. In order to bring a claim under the NJCFA, the plaintiff was required to show that the defendant knowingly omitted a material fact in advertising or selling the product. See id. at 500. As in this case, the defendant argued that the plaintiff's allegation of knowledge was conclusory. See id. The Court disagreed. See id. It noted that the plaintiff generally alleged knowledge as follows:

> c. Marketing, advertising, and selling machines that they know are likely to fail due to the ME41 defect before their expected useful life of five years or 50,000 pages of printed material, while intentionally concealing and failing to disclose information to prospective purchasers; and
> d. Unconscionably limiting warranty coverage for a print-head failure caused by the ME41 defect, despite BIC's knowledge that the ME41 defect would cause print heads in MFC machines to fail after the warranty period expired, but before the projected useful life of the MFC machines . . . ."

Id. (emphasis in original). The plaintiffs also alleged, however, that "internal documents reveal that [the defendant] has known, since at least 2001, that the ME41 defect was causing premature print-head failure in MFC machines." See id. The Court found that such allegations were

---

[5] Although the cases discussed supra arise under various consumer fraud statutes, each of the Courts properly declined to apply Rule 9(b)'s heightened pleading standard to allegations of the defendant's knowledge. The Rule provides "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). In other words, allegations of the defendants' knowledge must satisfy the Twombley standard. See Iqbal, 129 S. Ct. at 1954 (rejecting the plaintiff's argument that Twombley does not apply to state of mind allegations).

6

sufficient to plead that the defendant had knowledge.

Likewise, in Cross v. Playtex Products, No. 08-50222, 2009 WL 2245657, at *5 (N.D. Ill. July 10, 2009), the District Court decided that the plaintiff adequately alleged knowledge on the part of the defendant. There, the plaintiff alleged that the defendant sold baby bottles with diaphragms that the defendant knew to be defective. See Cross, 2009 WL 2245657, at *5. The complaint alleged that the defendant acknowledged the defect in a patent it owned. That patent criticized the diaphragm model utilized on the baby bottle at issue in the case and improved upon it, but the new technology was never applied to existing products such as the baby bottle at issue. See id. According to the Court, the plaintiff's reference in the complaint to the prior patent was sufficient to allege knowledge on the part of the defendant. See id.

The issue of pleading knowledge also arises in certain section 1983 cases alleging Eighth Amendment violations. See, e.g., Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). The plaintiff in such cases is required to show that the defendant acted knowingly or with deliberate indifference that a constitutional violation would occur. See id. The Courts have often dismissed such claims where the allegations of the defendant's knowledge are so factually deficient as to be conclusory. For example, in Bunner v. Koch, No. 08-00171, 2009 WL 798550, at *16 (D. Colo. Jan. 30, 2009), the plaintiff alleged that the defendants were liable for Eighth Amendment violations because they "failed to properly supervise Sgt. Pagel after knowing that Sgt. Pagel has been accused several times in the past for sexual misconduct." See Bunner, 2009 WL 789550, at *16. The Court insisted that without supporting factual information like "who allegedly complained in the past, how [d]efendants responded to those complaints, or what investigations were undertaken" the plaintiff's allegation that defendants had actual knowledge

7

was merely conclusory. See id.; see also Collins v. Derose, No. 08-0744, 2009 WL 812008, at *6 (M.D. Pa. Mar. 26, 2009) (finding complaint's assertions that defendants "had knowledge" that plaintiff was beaten and harassed to be insufficient to allege knowledge).

This case is distinguishable from Maniscalco and Cross. In each of those cases, the plaintiffs alleged not only that the defendants knew of the defects in their products, but also how the defendants knew of such defects. Such factual allegations are sufficient to "nudge [the plaintiffs'] claims of invidious discrimination across the line from conceivable to plausible." See Iqbal, 127 S. Ct. at 1951 (internal quotation marks omitted).

On the other hand, this case is analogous to Bunner, which held that the plaintiff's bald allegation that the defendants "[knew] that Sgt. Patel has been accused several times in the past for sexual misconduct" was insufficient to impute knowledge to the defendants. As in that case, where the Court dismissed the complaint for want of factual allegations in support of a legal conclusion, the punitive damages claim will be dismissed because plaintiff does not allege how or why defendants knew that their product was dangerous. More is required than an unadorned assertion that defendants "knew" the torch was unsafe.

CONCLUSION

The complaint, as presently written, does not contain sufficient factual content to allow me to draw the reasonable inference that defendants have acted in an outrageous fashion. See Iqbal, 129 S. Ct. at 1949. The punitive damages claim will therefore be dismissed with leave to amend.

An appropriate Order follows.